**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TRINA COWAN,**

**Case No.:**

**Plaintiff,**

**v.**

**FLORIDA DEPARTMENT**
**OF HEALTH., a Political Subdivision**
**of the state of Florida,**

**Defendant.**
**_______________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Trina Cowan, by and through her undersigned trial counsel and files her Complaint and Demand for Jury Trial, against the Defendant, Florida Department of Health, and alleges:

## *GENERAL ALLEGATIONS*

1. This is a Complaint for compensatory damages by Plaintiff, Trina Cowan, against the Defendant, Florida Department of Health, for Violation of *Title II* of the *Americans with Disabilities Act* [Count I] violation of the *Rehabilitation Act of 1973* [Count II] and Retaliation in violation of the *Americans with Disabilities Act* and *Section 504* of the *Rehabilitation Act of 1973* [Count III].

2. Plaintiff, Trina Cowan, seeks compensatory damages not including reasonable attorney's fees and costs associated with this action, which are part of

this action.

3. At all times material, Plaintiff, Trina Cowan, was and continues to reside Ormond Beach, Volusia County, Florida.

4. At all times material, the Defendant, Florida Department of Health, was and continues to be a department and agency of the state of Florida, with its principal location at 4052 Bald Cypress Way, Tallahassee, Florida 32399.

5. This Court has subject matter jurisdiction pursuant to *28 U.S.C.A. Section 1331.* Plaintiff, Trina Cowan, is authorized by *28 U.S.C.A. Sections 2201, 2202* and by *42 U.S.C.A. Sections 12101 et seq*.

6. At all times material, Plaintiff, Trina Cowan, was and continues to be a "qualified individual with a disability" under *Section 504* of the *Rehabilitation Act of 1973*.

7. At birth, Plaintiff, Trina Cowan, was diagnosed with congenital bilateral hearing loss.

8. Plaintiff Trina Cowan's diagnosed disability substantially and materially limits 1 or more major life activities, including learning, hearing, communicating, processing information, and interacting with others, particularly within the workplace environment. These impairments significantly restrict Trina Cowan's ability to meaningfully participate in workplace meetings, communicate

with coworkers and patients, process and retain information communicated verbally, and independently perform certain workplace tasks without reasonable accommodations and specialized support. Trina Cowan's needs for additional assistance in the workplace includes the use of an application on her cellular telephone that transcribes spoken communication in real time, including communications occurring during workplace meetings and while treating patients.

9. On or about October 19, 2023, Ms. Lauren Laney, BC-HIS recommended that Trina Cowan be provided with a closed-captioned office telephone and be placed in a small, quiet room with reduced background noise to minimize communication barriers and enable Trina Cowan to effectively perform her job duties. *See, Exhibit "A."*

10. Plaintiff, Trina Cowan, remains part of a protected class pursuant to the *Americans with Disabilities Act* and *Section 504, Rehabilitation Act*.

11. Plaintiff, Trina Cowan's disability require special accommodations pursuant to the *Americans with Disabilities Act* and *Section 504, Rehabilitation Act* to ensure equal access to her employment opportunity.

12. Further, Section 504 of the federal *Rehabilitation Act* states no otherwise qualified individual with a disability in the United States, as defined in section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

13. The actions of the Defendant, Florida Department of Health, as alleged are operational level decision making activities. These activities do not fall into the category of institutional acts which involves policy making or planning, and do not involve discretionary governmental functions. As such, The School Board of Volusia County, Florida, is not immune from liability in accordance with *Title II* of the *Americans with Disabilities Act*.

14. *Title II* of the *Americans with Disabilities Act*, also requires a public entity to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. *28 C.F.R. Section 35.130(b)(7)(I)*.

15. Under *Title II* of the *Americans with Disability Act*, a public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration that have the effect of subjecting qualified individuals

with disabilities to discrimination on the basis of disability. *28 C.F.R. Section 35.130(b)(3)(I)*.

16. Under *Title II* of the *Americans with Disability Act*, a public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability. *28 C.F.R. Section 35.130(b)(3)(I)*.

17. The Defendant, Florida Department of Health, is a "public entity" within the definition of the *Americans with Disabilities Act, 42 U.S.C. Section 12131(1)* and *28 C.F.R. Section 35. 104* and is therefore subject to *Title II* of the *Americans with Disabilities Act*, and its implementing regulation.

18. In 2017, Plaintiff, Trina Cowan commenced her employment with the Florida Department of Health at different locations throughout the state of Florida including Volusia County, Putnam County[1] and Flagler County.

19. On June 10, 2024, the Florida Department of Health hired Trina Cowan, as a Dental Hygienist. *See, Exhibit "B*."

20. In or around June 2024, during the onboarding process with the Florida Department of Health – Putnam, Plaintiff, Trina Cowan, expressly informed the

---

[1] In 2021, the Florida Department of Heath terminated her employment from the Putnam County facility.

Defendant, Florida Department of Health, of her need for a reasonable accommodation in the form of a transcription application, specifically "Otter," to be installed on her state-issued cellular telephone. The application was necessary to assist Trina Cowan in accurately receiving, processing, and responding to spoken communications in the workplace, including telephone calls, meetings, and communications with patients. Despite Trina Cowan's request the Florida Department of Health failed to provide or facilitate this accommodation until approximately December 2024, leaving Trina Cowan without a necessary workplace accommodation for approximately six months. During this period, Trina Cowan was nevertheless required to perform duties that substantially depended upon her ability to receive and process verbal communications, including providing telephone coverage for a dental assistant from approximately 8:00 a.m. through 8:30 p.m. from August 13, 2024, through August 31, 2024.

21. On or about October 4, 2024, Plaintiff, Trina Cowan, sent an email to Dr. Catherine Bridges expressing concerns over the conduct of her supervisor, Stacy Branam, including what Trina Cowan perceived as aggressive and unreasonable demands within the workplace. Trina Cowan's communication further placed the Defendant, Florida Department of Health, on notice of the difficulties Trina Cowan experienced within the workplace and the circumstances affecting her ability to

perform her duties. *See, Exhibit "C."*

22. On or about October 7, 2024, Plaintiff, Trina Cowan, followed up with her supervisor, Stacy Branam, regarding the status of the previously requested Otter transcription application. Rather than assisting Trina Cowan in obtaining this accommodation, Stacy Branam provided Trina Cowan with incorrect instructions concerning the procedure for submitting a service ticket for the application. As a direct result of the incorrect information provided by her supervisor, Trina Cowan was unable to properly submit the request and was forced to wait until the correct instructions were received weeks later, on or about October 31, 2024. The Florida Department of Health's failure to provide accurate instructions further delayed Trina Cowan's access to the accommodation requested months earlier.

23. On or about October 3, 2024, the Defendant, Florida Department of Health conducted a meeting including Plaintiff, Trina Cowan, and Stacy Branam. Despite Stacy Branam's knowledge of Trina Cowan's disability and resulting communication limitations, Trina Cowan was assigned a seat directly beside Stacy Branam, which prevented Trina Cowan from adequately viewing Stacy Branam's face and reading her lips during the meeting. As a result, Trina Cowan was unable to fully receive and understand the verbal communications being made during the meeting. In order to meaningfully participate and understand the information being

discussed, Trina Cowan needed to use her personal cellular telephone and the Otter transcription application to transcribe the spoken communications in real time. This placed Trina Cowan in the untenable position of having to rely upon her personal cellular telephone to access a communication aid necessary to accommodate her disability, despite having been repeatedly instructed that she was not permitted to use her personal cellular telephone during workplace meetings.

24. On or about January 6, 2025, Plaintiff, Trina Cowan, received a Probationary Performance Plan containing favorable comments regarding her work performance and conduct. Specifically, the Manager Comments stated, in pertinent part: "Employee was rated on the items for which a satisfactory score has been met since hire. Any items that were 'not rated' does not mean the employee was deficient, however there was not enough time to observe for an effective score. Trina works hard to provide services, is always friendly, provides excellent customer service and works as a team with her coworkers. I am excited to see what the new rating period brings to our amazing Dental Clinic! Thanks Trina!" These contemporaneous evaluations demonstrated the Florida Department of Health regarded Trina Cowan as a hardworking, friendly, cooperative, and valuable employee who provided excellent customer service and worked effectively with her coworkers. *See, Exhibit "D."*

25. On or about January 10, 2025, Plaintiff, Trina Cowan, submitted an IT

Service Desk ticket seeking assistance with the Otter application because the application's allotted transcription minutes were nearly exhausted. Inexplicably, the Florida Department of Health, provided Trina Cowan with only 300 minutes of transcription time, which were insufficient for ongoing workplace needs. Trina Cowan specifically sought additional minutes because, without continued access to the transcription application, she would again be unable to effectively receive and process telephone communications and other verbal communications through her state-issued cellular telephone. Trina Cowan's request further demonstrated her continuing need for the accommodation and the Defendant, Florida Department of Health's ongoing obligation to ensure that this necessary accommodation remained available and effective. *See, Exhibit "E."*

26. On or about February 20, 2025, the Defendant, Florida Department of terminated Plaintiff, Trina Cowan, with termination letter which provided no specific reason or explanation for Trina Cowan's termination, stating only that Trina Cowan "failed to successfully complete her probationary period." The termination letter did not identify any specific performance deficiency, misconduct, violation of policy, or other legitimate basis for the decision to terminate Trina Cowan's employment. This stated basis for termination was particularly inconsistent with Trina Cowan's contemporaneous performance evaluation, which recognized that Trina Cowan" works hard to provide services," was "always friendly," provided

"excellent customer service," and "works as a team with her coworkers." Despite these positive performance assessments, and after Trina Cowan repeatedly sought and advocated for accommodations related to her disability, the Florida Department of Health terminated Trina Cowan's employment without providing her with a specific explanation for the decision. *See exhibit* "F."

27. On or about June 1, 2026, Plaintiff, Trina Cowan, received the Notice of Right to Sue. *See, Exhibit* "G."

28. Plaintiff, Trina Cowan, retained The Harr Law Firm and agreed to pay a reasonable fee associated for its services in connection with this matter.

29. All conditions precedent to the filing of this action have occurred or been waived.

## *COUNT I*
## *VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT*

30. Plaintiff, Trina Cowan, reallages and incorporates the allegations contained in paragraphs 1 through 5, 7 through 11, and 13 through 29.

31. This Count is asserted pursuant to the *Americans with Disabilities Act, 42 U.S.C.A. §§ 12101 et seq. [ADA §§ 2 et seq.]*.

32. Plaintiff, Trina Cowan, is a qualified individual with a disability as that term is defined by *Title II* of the *Americans with Disabilities Act*, *42 U.S.C.A. § 12131(2) [ADA § 201(2)]*; specifically, congenital bilateral hearing loss.

33. The Defendant, Florida Department of Health, is a public entity as that term is defined by Title II of the *Americans with Disabilities Act*, *42 U.S.C.A. § 12131(1) [ADA § 201(1)]*.

34. The Defendant, Florida Department of Health, failed to provide Plaintiff, Trina Cowan, with reasonable accommodations necessary to address the limitations arising from her disability and to enable her to meaningfully participate in and perform the essential functions of her employment. Despite being aware of Trina Cowan's disability and the specific accommodation needs, the Florida Department of Health failed to timely provide and maintain this necessary accommodation Trina Cowan required to effectively communicate, process information, and participate in the workplace environment.

35. As set forth in the General Allegations, the Defendant, Florida Department of Health, violated *Title II* of the *Americans with Disabilities Act* by failing to provide Plaintiff, Trina Cowan, with reasonable accommodations necessary to address the limitations arising from her disability and to enable her to meaningfully participate in and perform the essential functions of her employment. The Florida Department of Health further denied Trina Cowan equal access to and meaningful participation in the workplace by failing to accommodate her disability related communication needs and by failing to provide an accessible workplace environment.

**WHEREFORE**, Plaintiff, Trina Cowan, requests a judgment against the Defendant, Florida Department of Health, awarding Plaintiff, Trina Cowan, compensatory damages, pre-judgment and post-judgment interest, as well as reasonable attorneys fees, and all allowable costs incurred in this action.

## *COUNT II*
## *VIOLATION OF REHABILITATION ACT OF 1973*

36. Plaintiff, Trina Cowan, reallages and incorporates the allegations contained in paragraphs 1 through 4, 6 through 12, and 18 through 29.

37. The Defendant, Florida Department of Health, operates a "program or activity receiving Federal financial assistance" under *Section 504* of the *Rehabilitation Act of 1973*.

38. The Defendant, Florida Department of Health, denied Plaintiff, Trina Cowan, an equal opportunity to participate in and benefit from the services, programs, activities, and employment opportunities provided by the Florida Department of Health and subjected Trina Cowan to unequal and unduly burdensome conditions by reason of Trina Cowan's disability. Despite the Florida Department of Health's knowledge of Trina Cowan's disability and her need for reasonable accommodation, the Florida Department of Health failed to provide a necessary accommodation to enable Trina Cowan to meaningfully participate in her

employment on an equal basis with non-disabled employees. By failing to accommodate Trina Cowan's disability-related limitations and by imposing additional burdens and barriers upon her participation in the workplace, the Florida Department of Health violated *Section 504* of the *Rehabilitation Act of 1973*, 29 U.S.C. § 794, and its implementing regulations, including 49 C.F.R. Part 84.

39. In engaging in the conduct described above, the Defendant, Florida Department of Health, either intentionally discriminated against Plaintiff, Trina Cowan, or demonstrated deliberate indifference to the strong likelihood that the pursuit of its policies would result in violations of federally protected rights.

40. As set forth in the General Allegations, the Defendant, Florida Department of Health, systematically subjected Plaintiff, Trina Cowan, to discrimination solely by reason of Trina Cowan's disability. These violations of *Section 504* of the *Rehabilitation Act of 1973* by the Florida Department of Health, establish a claim for declaratory and compensatory damages against Florida Department of Health, pursuant to *Section 505* of the *Rehabilitation Act, 29 U.S.C.A. § 794a(a)(2)*.

**WHEREFORE**, Plaintiff, Trina Cowan, requests a judgment against the Defendant, Florida Department of Health, awarding Plaintiff, Trian Cowan, compensatory damages, pre-judgment and post-judgment interest, as well as reasonable attorneys fees, and all allowable costs incurred in this action.

***COUNT III***
***RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND SECTION 504 OF THE REHABILITATION ACT***

41. Plaintiff, Trina Cowan, re-alleges and incorporates the allegations contained in paragraphs 1 through 29.

42. Plaintiff, Trina Cowan, engaged in protected activity under the *Americans with Disabilities Act*, 42 U.S.C. §§ 12101 et seq., and *Section 504* of the *Rehabilitation Act of 1973*, 29 U.S.C. § 794, by requesting reasonable accommodations for her disability, including the Otter transcription application necessary to assist her in receiving, processing, and responding to verbal communications in the workplace.

43. Plaintiff, Trina Cowan, repeatedly engaged in protected activity by informing the Defendant, Florida Department of Health, of her disability related limitations, requesting the Otter transcription application for her state-issued cellular telephone, following up with supervisory personnel regarding the status of that accommodation, and requesting continued access to the application and additional transcription minutes when the initially provided minutes were nearly exhausted.

44. The Defendant, Florida Department of Health, knew Plaintiff, Trina Cowan's disability and her requests for a necessary accommodation. The Florida

Department of Health knew Trina Cowan required the transcription application to effectively communicate and participate in the workplace because of her hearing impairment.

45. The Defendant, Florida Department of Health engaged in adverse employment actions against Plaintiff, Trina Cowan, including terminating her employment on or about February 20, 2025, after Trina Cowan repeatedly requested and advocated for reasonable accommodations related to her disability.

46. On or about January 10, 2025, approximately 6 weeks before her termination, Plaintiff, Trina Cowan, submitted an IT Service Desk ticket requesting additional transcription minutes for the Otter application because the 300 minutes initially provided to her were nearly exhausted. Trina Cowan specifically explained that, without continued access to the application, she would be unable to effectively receive and process telephone and other verbal communications through her state-issued cellular telephone.

47. On or about February 20, 2025, shortly after Plaintiff, Trina Cowan's renewed request for continued access to her disability related accommodation, the Defendant, Florida Department of Health, terminated Trina Cowan's employment. Florida Department of Health's termination letter failed to identify any specific performance deficiency, misconduct, policy violation, or other substantive reason for Trina Cowan's termination and stated only that Trina Cowan had "failed to

successfully complete her probationary period."

48. The temporal proximity between Plaintiff, Trina Cowan's protected activity and the Defendant, Florida Department of Health's termination of her employment, together with Florida Department of Health's prior knowledge of Trina Cowan's disability, Trina Cowan's repeated requests for reasonable accommodations, Florida Department of Health's prolonged delay in providing the requested accommodation, and Trina Cowan's favorable performance evaluation shortly before her termination, support unlawful retaliatory employment action by Florida Department of Health..

49. The Defendant, Florida Department of Health's conduct was motivated, at least in part, by Plaintiff, Trina Cowan's exercise of rights protected by the *Americans with Disabilities Act* and *Section 504* of the *Rehabilitation Act*, including her requests for reasonable accommodations and her efforts to obtain and maintain accommodations necessary to perform the essential functions of her employment.

50. As a direct and proximate result of the Defendant, Florida Department of Health's retaliatory conduct, Plaintiff, Trina Cowan, suffered damages, including loss of employment, lost wages and benefits, emotional distress, humiliation, inconvenience, and other damages recoverable under applicable law.

51. The Defendant, Florida Department of Health's conduct was intentional and/or demonstrated deliberate indifference to Trina Cowan's federally protected

rights.

**WHEREFORE**, Plaintiff, Trina Cowan, requests a judgment against the Defendant, Florida Department of Health, awarding Plaintiff, Trian Cowan, compensatory damages, pre-judgment and post-judgment interest, as well as reasonable attorneys fees, and all allowable costs incurred in this action.

## ***JURY DEMAND***

52. Plaintiff, Trina Cowan, demands a jury trial.

Dated this 25th day of August, 2026.

Respectfully submitted.

*/s/Jason L. Harr* ____________

**JASON L. HARR**
Florida Bar No.: 0194336
**THE HARR LAW FIRM**
The Harr Professional Center
517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Email: jasonharr@harrlawfirm.com
brittanipetrofsky@harrlawfirm.com
miriamjuarez@harrlawfirm.com
Telephone: (386) 226-4866
**TRIAL COUNSEL FOR PLAINTIFF**
**TRINA COWAN**

# EXHIBIT "A"

AHT Hearing
ACCURATE HEARING TECHNOLOGY, INC.
5268 WEST S.R. 46 • SANFORD, FL. 32771• PHONE: (407) 328-4540 • FAX: (407) 328-4668

October 19, 2023

To whom it may concern:

Ms. Trina Cowan, (DOB 10/03/1969) is a patient of Accurate Hearing Technology, Inc since 2016. Mrs. Cowan has a congenital profound hearing loss bilaterally and is in need of extra help at work. She is currently wearing bilateral superpower hearing aids but needs all context of conversation to help with understanding. For Ms. Cowan to be sure she understands clearly, she uses an application on her cellphone which transcribes what is being spoken. Ms. Cowan would benefit from the transcribing system while at work, in meetings and while seeing patients. We recommend a system called the C.A.R.T System, a closed-captioned office phone, and for her to be placed in a small quiet room with less background noise.

Please feel free to contact our office if you have any questions.

Thank you,

Lauren C. Laney, BC-HIS

Lauren C. Laney, BC-HIS

AS5391

# EXHIBIT “B”

**Mission**:
To protect, promote & improve the health of all people in Florida through integrated state, county & community efforts.

Florida HEALTH

**Ron DeSanti**
Govern

**Joseph A. Ladapo, MD, Phi**
State Surgeon Gener

**Vision**: To be the **Healthiest State** in the Nation

June 10, 20:

rina Cowan
8 Hay Bale Trail
ırmond Beach, FL 32174

ear Trina Cowan:

his letter serves as the official offer of employment as a Dental Hygienist in the FDOH-Putnam office. You will b ɔpointed with probationary status and will be required to successfully complete a probationary period of twelve ıonths, to warrant placement into permanent career service status.

As agreed, your salary will be **$2,384.62** biweekly, or **$62,000.12** annually. You will begin employment on Friday, June 14, 2024, at 8:00 a.m, and you will report to: Stacie Branam, Director of Nursing, located at 2801 Kennedy Street, Palatka, FL 32177.

Department of Health employment requirements:

- Participation in the Direct Deposit Program is a condition of employment for all persons appointed to a position in state government. If you are not already participating in the Direct Deposit Program, you will be expected to enroll within 31 days of employment.
- If seeking secondary employment, you will be required to complete a "Dual Employment" form o. an "Outside Employment Request" form and approval must be granted prior to your start date.
- Continued employment is contingent upon future background rescreening results.
- In the event of an emergency, this office is required to perform emergency operations functions. You may be required to work before, during, and/or beyond your normal work hours or days in the event of an emergency. Required emergency duty includes working in a special needs or Red Cross shelter, or performing other emergency duties including, but not limited to, responses to or threats involving any disaster, man-made or natural. Emergency duties may also include in-state and/or out-of-state deployment.

I am pleased to offer you this position and look forward to working with you. If you have any questions, please call me at 386-326-3276.

Sincerely,
Stacie L. Branam, BSN
Director of Nursing

I accept the above offer of employment.

Trina Cowan (signature)
Trina Cowan

6-11-24
Date

# EXHIBIT "C"

Outlook

[redacted]

[redacted]

Sent from my iPhone

Begin forwarded message:

**From:** Trina Cowan <trinadc@gmail.com>
**Date:** February 22, 2025 at 5:40:14 PM EST
**To:** "McBride, Martha" <Martha.McBride@flhealth.gov>, "Howard, Tracy R" <Tracy.Howard@flhealth.gov>
**Subject: Fwd: Visit**

When Tracy and I were at a loss for words over the lack of respect our supervisor gave us ,and did not know how to respond to the events that have taken place she asked me to reach out to Dr Bridges regarding the incident. Please see the following correspondence . I was not trying to be disrespectful but was seriously concerned how the dental department which is a separate building could manage what we were being ordered to do.

We were desperate for assistance and guidance

---------- Forwarded message ---------
From: **Trina Cowan** <trinadc@gmail.com>
Date: Fri, Oct 4, 2024 at 9:15 AM
Subject: Visit
To: <catherine.bridges@flhealth.gov>

Good morning Dr Bridges,

Tracy asked me yesterday to please reach out to you for help . As you know Dr K quit and just between us he told me the reason he was quitting or retiring sooner was because the

new management was micromanaging and becoming aggressive, telling him how to do his job and overstepping.

I have been working on mostly the school based sealant program and trying to get that up and running.

Stacy just told me yesterday that we probably won't go back to the schools until January .

When Tracy and I came back from providing services to the day cares event Stacy had Laura who is an OR Nurse come over to dental and go through everything while we were gone . When we returned the place was torn upside down . Literally. She had gone through all the drawers and dumped everything out. It was a complete disaster. I know she is wanting to clean all that out since Dr k is gone . Things were expired and definitely needs to be done .

She is telling us that we can't use the autoclave anymore because she doesn't like where it is . She wants us to walk our dirty instruments across the parking lot to do them there .

I tried to tell her that we need to have a sterilization system set up in our dental building . She got upset with me about that but I suggested we move the sterilization system to the back room where the Dr used his denture lab.

Tracy and I need you to please come to our office and help us. Because now Stacy is saying that she wants to move that whole sterilization system to room 3. Tracy told her that you have been to our office in the past and saw the sterilization system before and thought it was ok .?

We are not trying to overstep our bounds we love Stacie and we both know she has a lot on her plate and safety and compliance is number one. I am trying to be as gentle as possible when talking to her . She will not hear me .

Someone said you were planning to come to our office for a visit and Tracy and I are asking if you would please come sooner .

We respect our supervisor and not trying to go over her head but I just didn't understand why we have to walk across the parking lot with dirty gloves and instruments over to the clinic to do our instruments when that sterilization system has been in place for 10 years. I don't think no one has ever gotten hurt walking past it . And if necessary we can place the sharp instruments in the sink.

Can you please support us and guide us. And please 🙏 don't tell Stacie I reached out to you she would probably be upset w me . But Tracy and I don't know what to do at this point .
I am off today and thought I would reach out to you personally.

Dr Bridges , I don't want to upset Stacie and please don't think I am trying to go behind her back I just feel this situation is becoming desperate..

Thank you so much for all you do for us ..

Trina

Sent from my iPhone

# EXHIBIT "D"

DMS People First

# 2023-2024 Probationary Performance Plan for TRINA DENISE COWAN

## Employee Information

| | | | |
|---|---|---|---|
| First Name | TRINA | Agency | DOH - Health (6400) |
| Middle Name | DENISE | Organization Code | 64040554000000000000000 |
| Last Name | COWAN | Agency Hire Date | 06/10/2024 |
| Position Title | DENTAL HYGIENIST | Login ID | 01255653 |

## Performance Plan Period

| | |
|---|---|
| Originator | Dana Williams (DWILLIAMS) |
| Review Period | 06/10/2024 - 06/09/2025 |
| Due Date | 06/09/2025 |

## Performance Expectations

Job Specific

### 1.1 FLOSS/SEALS SURVEY DATA

Employee ensures that 100% of data required for submission of the FLOSS/SEALS Survey is completed on time, and accurately, for each reporting year. Exceptional rating if employee provides "in-service" to ancillary staff members, educating on importance of entering information correctly, the overall concept of FLOSS/SEALS data, and why it's important to our facility.
5= Employee submitted 100% of FLOSS/SEALS data within required timeframe, without any documented errors AND completed ONE-TWO (1-2) staff presentations for Dental Department, educating staff on importance of entering information correctly, the overall concept of FLOSS/SEALS data, and why it's important to our facility.
4= Employee submitted 100% FLOSS/SEALS data within required timeframe, without any documented errors AND completed at least ONE (1) staff presentations for Dental Department, educating staff on importance of entering information correctly, the overall concept of FLOSS/SEALS data, and why it's important to our facility.
3= Employee submitted 100% of FLOSS/SEALS data within required timeframe, without any documented errors.
2= Employee submitted 95-99% of FLOSS/SEALS data within required timeframe, without any documented errors.
1= Employee submitted 90-94% of FLOSS/SEALS data within required timeframe, without any documented errors.

| | |
|---|---|
| Performance Expectation Rating Comments | Not Rated-no score given, no impact on evaluation. |

#### Performance Expectation Rating

None Given

---

Job Specific

### 1.2 DENTAL SUPPLIES

Employee maintains asset management (supply inventory, efficient use, etc.) for all clerical/clinical supplies related to preventive dental care & school-based sealant & dental hygiene services. This includes meaningful use, stock levels, expiratory dates and cleanliness & organization.
5 = Employee successfully maintained/managed assets appropriately, including zero use of supplies past expiratory date, AND completed at least two (2) elective courses related to asset management in dental settings.
4 = Employee successfully maintained/managed assets appropriately, including zero use of supplies past expiratory date,

AND completed at least one (1) elective course related to asset management in dental settings.
3 = Employee successfully maintained/managed assets appropriately, including zero use of supplies past expiratory date.
2 = Employee maintained/managed assets appropriately, but there were supplies utilized outside of expiratory date OR there were no supplies utilized outside expiratory date, but employee did not maintain/manage supplies appropriately.
1 = Employee did not maintain/manage assets appropriately, and/or there were supplies utilized outside of expiratory date.

| | |
|---|---|
| Performance Expectation Rating Comments | Not Rated-no score given, no impact on evaluation. |

**Performance Expectation Rating**

None Given

---

Agency

## 2.1 ICARE

Exhibits the FL DOH values: ICARE (Innovation, Collaboration, Accountability, Responsiveness, and Excellence) at scheduled headquarters and when traveling to consortium counties and/or attending meetings, to both internal and external clients.
5= Exhibits values always with no verified, valid complaints and more than five compliments per rating period.
4=Exhibits values always with no verified, valid complaints, and at least four compliments per rating period.
3=Exhibits values always with no verified, valid complaints per rating period.
2=Does not exhibit values, and has a verified, valid complaint in the rating period.
1= Does not exhibit values and has more than one verified, valid complaints in the rating period.

| | |
|---|---|
| Performance Expectation Rating Comments | 3=Exhibits values always with no verified, valid complaints per rating period. |

**Performance Expectation Rating**

3 - Meets Expectation

---

Agency

## 2.2 EARS

Employees certify accuracy of time recorded and EAR/DAR within one (1) calendar day of the end of the pay period. Completes EAR/DARs and time record within the required timeframe 90% of the time with no more than 3 documented errors. Supervisors are responsible for both approval of subordinate's EAR/time record and entry of their own EAR/time record.
5=EAR/ time record entry and certification completed within time frame 100% of time no documented errors.
4=EAR/time record entry and certification completed within time frame at least 96% to 99% of time with 1 or less documented errors.
3= EAR/time record entry and certification completed within time frame at least 90% to95% of time and 2 or less documented errors.
2=EAR/time record entry or certification completed with time frame <86% to 89% of time and/or 4 documented errors.
1=EAR/time record entry or certification completed within time frame <85% of time and/or 4+ documented errors.

| | |
|---|---|
| Performance Expectation Rating Comments | 5=EAR/ time record entry and certification completed within time frame 100% of time no documented errors. |

**Performance Expectation Rating**

3 - Meets Expectation

---

Agency

## 2.3 Everbridge

Employees will respond to the FDOH health alert network notifications (EVERBRIDGE) within 1 hour. Health alert network

notifications include drills and after-disaster employee checks. Employees are responsible for registration in the SERVFL/EVERBRIDGE system, which includes entering all contact information (professional and personal) upon hire and updating when changes are made. Contact information includes the following: work phone number(s) and email, all personal forms of contact: phone number(s), email(s), etc. Employees are expected to participate in drills, be responsive in drills, and during times of disasters, as indicated on the willingness questionnaire and qualifying questions upon hire.
5=Responded to >86% of health alerts received within required timeframes; by any method of communication, reported as assigned to duties. ( email, phone, etc.).
4=Responded to >76- 85% of health alerts received within required timeframes; by any method of communication (email, phone, etc.). reported as assigned to duties.
3=Responded to 75% of health alerts received within required timeframes; by any method of communication (email, phone, etc.). reported as assigned to duties.
2=Missed responding to two alerts within required timeframe, or information in SERVFL/EVERBRIDGE incorrect or not up to date or did not report as assigned to duties.
1=Missed three or more alert or information in SERVFL/

| | |
|---|---|
| Performance Expectation Rating Comments | 5=Responded to >86% of health alerts received within required timeframes; by any method of communication, reported as assigned to duties. ( email, phone, etc.). |

**Performance Expectation Rating**

5 - Exceptional

---

Agency

## 2.4 Training, Licensure & Certifications

Employees will complete mandatory DOH training in TRAIN as required by policy or delegated authority, required program and job specific training, and will maintain licensure and certifications required for the employee's position. Local CHD committees include but are not limited to Strategic Planning, Safety, Employee Council and Quality Improvement.
5 = Employee took five or more new elective courses relevant to current position or individual development plan or two courses and holds a leadership position in CHD committee to assist with professional development during the review period as documented in TRAIN and completed all mandatory DOH training and all program/job specification training 60 days ahead of required timeframe, including New Hire training and Basic Supervisory Training when applicable, and maintained any required licensure and certifications and had no absences at mandatory general staff meetings.
4 = Employee took four new elective courses relevant to current position or individual development plan or three courses and actively engages in a CHD committee as evidenced by attending at least 80% of meetings and contributing to assist with professional development during the review period as documented in TRAIN and completed all mandatory DOH training and all program/job specification training 30 days ahead of required timeframe, including New Hire training and Basic Supervisory Training when applicable, and maintained any required licensure and certifications and had no unexcused absence at mandatory general staff meetings.
3 = Employee took at least two new elective courses relevant to current position or individual development plan to assist with professional development during the review period as documented in TRAIN and completed all mandatory DOH training and all program/job specification training within required timeframe, including New Hire training and Basic Supervisory Training when applicable, and maintained any required licensure and certifications and had no unexcused absence at a mandatory general staff meeting.
2 = Employee was late in completing one mandatory or job-specific training but maintained any required licensure and certifications or completed only one elective professional development course as documented in TRAIN or had unexcused absence at a mandatory general staff meeting.

| | |
|---|---|
| Performance Expectation Rating Comments | Not Rated-no score given, no impact on evaluation. |

**Performance Expectation Rating**

None Given

---

Agency

## 2.5 Quality Improvement

Employees will complete the required assigned Quality Improvement (QI) trainings per the DOH-Putnam QI Plan or Workforce Development Plan (WFD) to develop an understanding of basic QI principles and may complete additional QI related activities or trainings (as indicated in the QI Activity section below) to obtain a greater understanding and/or improve QI related skills.
5 = Completes the required QI training, as indicated per the DOH-Putnam QI/WFD Plan, by the required due dates, and completes at least two additional QI activities listed in the QI Activity list below
4 = Completes the required QI training, as indicated per the DOH- Putnam QI/WFD Plan, by the required due dates, and completes at least one additional activity listed in the QI Activity list below
3 = Completes the required QI training, as indicated per the DOH- Putnam QI/WFD Plan, by the required due date
2 = Completes the required QI training, as indicated per the DOH-Putnam QI Plan, after the required due date
1 = Does not complete the required QI training, as indicated per the DOH-Putnam QI Plan

| | |
|---|---|
| Performance Expectation Rating Comments | Not Rated-no score given, no impact on evaluation. |

**Performance Expectation Rating**

None Given

---

## Overall Manager Comments

| | |
|---|---|
| Comments | Employee was rated on the items for which a satisfactory score has been met since hire. Any items that were "not rated" does not mean the employee was deficient, however there was not enough time to observe for an effective score. Trina works hard to provide services, is always friendly, provides excellent customer service and works as a team with her coworkers. I am excited to see what the new rating period brings to our amazing Dental Clinic! Thanks Trina! |

## Second-Level Manager Comments

| | |
|---|---|
| Comments | Thanks for your hard work and dedication to DOH Putnam |

## Summary

**Overall Rating**

| | |
|---|---|
| 3.66 - Commendable | 3.66 - Commendable |

## Expectations Acknowledgement

| | |
|---|---|
| Manager Acknowledgement on Behalf of Employee | |
| Manager Acknowledgement Comments | |
| I Acknowledge Receipt of My Performance Expectations | Yes |
| Date Acknowledged | 12/04/2024 |

## Evaluation Acknowledgement

| | |
|---|---|
| Manager Acknowledgement on Behalf of Employee | Yes |
| Manager Acknowledgement Comments | I have discussed the performance expectations with the employee. |
| I Acknowledge Receipt of My Performance Evaluation | |
| Date Acknowledged | 01/06/2025 |
| Employee Acknowledgement Comments | |

# EXHIBIT “E”

12:12 77

61 **Help ticket was clo...**

# DOH IT Service Desk Ticket Number 803415 - Closed

IS **IT Service Desk** Jan 13
To Branam, Stacie L and You

## DOH IT Service Desk Ticket Closed

*This ticket has been closed. If there was any problem with the resolution of the ticket, please contact the IT Service Desk.*

| | |
|---|---|
| Ticket Number | 803415 |
| Ticket Creation Date & Time | 1/10/2025 3:07 PM |
| Status | Closed |
| Requestor | Branam, Stacie L |
| Primary Contact | Cowan, Trina |
| County | Putnam |
| Resolved By | Maurice, Yvelle |
| Resolution | 1-13-25 - YM - IT did not purchase the Otter minutes. I would reach out to the person who purchased the minutes and/or created the account. |
| Summary | Otter App for ADA Employee (incorrect plan, amount of minutes) |
| Description | Trina Cowan, Dental Clinic with program cellphone 386-983-5458 is supposed to have 6,000 minutes for the Otter transcription app so that she can communicate with clients |


transcription app so that she can communicate with clients via phone, but currently the app is only showing 300 minutes, which will soon be gone, causing Trina to be unable to answer calls and communicate on her program issued cellphone. Please advise. Thanks!

*If you require additional assistance, please contact your IT Service Desk at:*

*386-274-0860*.

*Please reference the IT Service Desk Ticket number in any correspondence.*

# EXHIBIT “F”

**Mission:**
To protect, promote and improve the health of all people in Florida through integrated state, county, and community efforts.

Florida HEALTH

**Ron DeSantis**
Governor

**Joseph A. Ladapo, MD, PhD**
State Surgeon General

**Vision:** To be the **Healthiest State** in the Nation

February 19, 2025

I hereby acknowledge receipt of this letter: ______________________________
Employee Signature

______________________ Date

Ms. Trina Cowan
98 Hay Bale Trail Ormond Beach,
Florida 32174
Dear Ms. Cowan:

This letter is to notify you that you are being separated from your employment as a Dental Hygienist, with the Putnam County Health Department, effective immediately, for failure to successfully complete your probationary period.

Since you do not have permanent status, you may be terminated at will and do not have a right to grieve or appeal your termination to the Public Employees Relations Commission (PERC).

Please contact me if you have any questions.

Sincerely,

Carol M. Kazounis, MS, RD, LD Interim Administrator

cc: Personnel File Amy Graham,
Chief of Personnel and Human Resources
Shawee Smith, Esquire

# EXHIBIT "G"

Outlook

[redacted]

[redacted]

[redacted]

[redacted]

---------- Forwarded message ---------
From: **EEOC** <no-reply@service.eeoc.gov>
Date: Mon, Jun 1, 2026 at 3:21 PM
Subject: Time-Sensitive EEOC Final Decision for EEOC Charge 510-2025-06377 / Decisión final urgente de la EEOC por el cargo 510-2025-06377
To: Ms. TRINA COWAN <trinadc@gmail.com>

**U.S. Equal Employment Opportunity Commission**

The Equal Employment Opportunity Commission (EEOC) has issued a final decision regarding EEOC Charge 510-2025-06377, which can be found in the document titled **NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)** in the EEOC Public Portal. This email, as well as the NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST), is official notice that the EEOC has dismissed the above-referenced EEOC charge and that the Charging Party has the right to sue the respondent(s) on this charge in court within 90 days of receipt of this notice. The NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST) also provides additional information related to filing suit under the laws enforced by the EEOC, including important time limits. Please note that the 90-day deadline for Charging Party to file a lawsuit is set by law and failure to file a lawsuit in that time may result in the inability to move forward with a lawsuit.

**You should log into the EEOC Public Portal, download and read the NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST) as soon as possible. You should also keep a record of the date you received this notice and save the downloaded NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST).**

This email is an official notification from the Equal Employment Opportunity Commission (EEOC) regarding charge 510-2025-06377. Please do not reply to this email.

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact (800) 669-4000 and destroy all copies of the original message and attachments.*

La Comisión para la Igualdad de Oportunidades de Empleo (EEOC, por sus siglas en inglés), ha emitido una decisión final con respecto al cargo de dicha Comisión 510-2025-06377, que se encuentra en el documento titulado **Notificación de Derecho a Demandar (Emitida a Solicitud de Parte)** en el Portal Público de la EEOC. Este correo electrónico, así como la Notificación de Derecho a Demandar (Emitida a Solicitud de Parte), es un aviso oficial que indica que la EEOC ha desestimado el cargo mencionado anteriormente y que la parte acusadora tiene derecho a demandar a los responsables de este cargo en un tribunal en los 90 días posteriores a la recepción de este aviso. La Notificación de Derecho a Demandar (Emitida a Solicitud de Parte) también proporciona información adicional relacionada con la presentación de la demanda bajo las leyes aplicadas por la EEOC, incluyendo límites de tiempo importantes. Por favor, tenga en cuenta que la fecha límite de 90 días para que la parte demandante presente la demanda está determinada por ley y que, en caso de no presentarla en ese plazo, podría dar como resultado la incapacidad de seguir adelante con esta.

**Debe registrarse en el Portal Público de la EEOC, descargar y leer la Notificación de Derecho a Demandar (Emitida a Solicitud de Parte) lo antes posible. Además, debería tomar nota de la fecha en la que recibió este aviso y guardar la Notificación de Derecho a Demandar (Emitida a Solicitud de Parte) descargada.**

Este correo electrónico es una notificación oficial de la EEOC relacionado con el cargo 510-2025-06377. Por favor, no responda a este correo electrónico.

*Aviso de confidencialidad: La información contenida en este correo electrónico puede contener información privilegiada y confidencial, incluida información protegida por las leyes de privacidad federales y estatales. Está destinada únicamente al uso de la(s) persona(s) nombrada(s) anteriormente. Si usted no es el(la) destinatario(a) previsto(a), se le notifica que cualquier revisión, difusión, distribución o duplicación de esta comunicación está estrictamente prohibida y puede ser ilegal. Si usted no es el(la) destinatario(a) previsto(a), póngase en contacto con el (800) 669-4000 y destruya todas las copias del mensaje original y los archivos adjuntos.*